NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Argued January 10, 2008
Decided January 22, 2008

Before

**Hon.** FRANK H. EASTERBROOK, *Chief Judge*

**Hon.** KENNETH F. RIPPLE, *Circuit Judge*

**Hon.** ILANA DIAMOND ROVNER, *Circuit Judge*

No. 06-4372

NUTMEG INSURANCE COMPANY,
    *Plaintiff-Appellant,*

        *v.*

EAST LAKE MANAGEMENT &
DEVELOPMENT CORPORATION,
    *Defendant-Appellee.*

Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.

No. 05 C 1328
John F. Grady, *Judge.*

**Order**

In this action under the diversity jurisdiction, an insurer contends that the policy it issued does not apply to a claim that East Lake, the insured, failed to pay interest on security deposits for rental properties and failed to give the tenants timely notice when East Lake transferred its managerial role to another firm. The district court held that an exclusion in the policy is ambiguous, resolved that ambiguity in the insured's favor, and entered judgment against Nutmeg. 2006 U.S. Dist. LEXIS 85665 (N.D. Ill. Nov. 21, 2006).

We affirm the judgment on a different ground, and without deciding whether the district court correctly perceived an ambiguity in this policy. The underlying litigation by the tenants against East Lake began in November 2000. Nutmeg hired

counsel to defend its insured, and the litigation proceeded for two years before Nutmeg first suggested that its policy might not cover the tenants' claims. A letter in December 2002 alerted East Lake that Nutmeg reserved the right to deny coverage. Another two years passed before Nutmeg informed East Lake that it was *actually* denying coverage. The federal litigation, seeking a declaratory judgment that the policy does not cover the claims, was filed in 2005.

Whether we treat the delay as two years or four, that is too long under Illinois law, which the parties agree supplies the rule of decision. If delay produces only a claim of estoppel, then an insurer may still prevail by showing that the wait did not injure the insured. (Illinois calls this a "prejudice" requirement.) See *Western Casualty & Surety Co. v. Brochu*, 105 Ill. 2d 486, 475 N.E.2d 872 (1985). Nutmeg says that there was no injury, because, after receiving the reservation-of-rights letter, East Lake agreed to be represented by the law firm that Nutmeg had hired back in 2000. East Lake also agreed to a settlement of the state case. But East Lake responds that these steps just made the best of a bad situation: a new law firm would have had to be paid out of East Lake's pocket to get up to speed. East Lake contends that it would have conducted the suit differently, including making an early settlement proposal, had it known that it was litigating on its own dime.

Whether these possibilities add up to prejudice doesn't matter, however, if Nutmeg's delay is a form of waiver under state law. In Illinois an insurer waives any right to deny coverage if it conducts the defense for a sufficiently long period without informing its client that it reserves the right to deny coverage. See, e.g., *National Discount Shoes, Inc. v. Royal Globe Insurance Co.*, 99 Ill. App. 3d 54, 57, 424 N.E.2d 1166, 1169 (1st Dist. 1981) (collecting authority). Illinois treats lengthy delay as waiver. See, e.g., *Gibraltar Insurance Co. v. Varkalis*, 46 Ill. 2d 481, 263 N.E.2d 823 (1970) (17 months). Nutmeg waited too long, whether we treat its delay as two years or four. The insurer has not pointed to any Illinois decision allowing an insurer to contest coverage despite a two-year-and-up delay in reserving its rights.

Waiver of the right to deny coverage means that an insurer must pay whether or not the policy covers the casualty. See *National Discount Shoes*. Nutmeg maintains that the claims advanced in the state case against East Lake are uninsurable as a matter of state law, and that neither estoppel nor waiver can require an insurer to cover uninsurable claims. The district judge held that the claims in the underlying litigation are indeed insurable, but we bypass that question. We could not find any Illinois cases on the subject, but other states have held that an insurer's defense of uninsurability may be waived or forfeited along with other limitations on coverage. See, e.g., *Tomerlin v. Canadian Indemnity Co.*, 61 Cal. 2d 638, 394 P.2d 571 (1964); *Griggs v. Bertram*, 88 N.J. 347, 363 n.4, 443 A.2d 163, 171 n.4 (1982). We see no reason to think that Illinois would hold otherwise.

AFFIRMED